IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| YVONNE C. JONES | ) | |
| | ) | |
| v. | ) | NO. 3:16-0361 |
| | ) | |
| AMERIQUEST MORTGAGE, et al. | ) | |

TO: Honorable Todd J. Campbell, District Judge

# R E P O R T  A N D  R E C O M M E N D A T I O N

By Order entered February 22, 2016 (Docket Entry No. 6), the Court referred this action to the Magistrate Judge, pursuant to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636, to enter a scheduling order for management of the case, to dispose or recommend disposition of any pre-trial motions, and to conduct further proceedings if necessary.

Presently pending before the Court is the motion to dismiss (Docket Entry No. 8) filed by Defendants Ocwen Loan Servicing, LLC, Homeward Residential, Inc. (formerly known as American Home Mortgage Services, Inc.), and Deutsche Bank National Trust Company, as Trustee for Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities Inc., Asset-Backed Pass-Through Certificates, Series 2005-R4. Plaintiff has filed a response in opposition to the motion. *See* Docket Entry Nos. 13 and 14. Set out below is the Court's recommendation for disposition of the motion.

## I. BACKGROUND

Yvonne C. Jones (" Plaintiff") is a resident of Nashville, Tennessee. On December 31, 2015, she filed a lawsuit in the Circuit Court of Davidson County, Tennessee, against Ameriquest Mortgage ("Ameriquest"), American Home Mortgage/Homeward Residential ("Homeward"), Ocwen Loan Servicing, LLC ("Ocwen"), Deutsche Bank National Trust Company, as Trustee for Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities Inc., Asset-Backed Pass-Through Certificates, Series 2005-R4 ("Deutsche Bank"), and Jason Mangrum ("Mangrum"). *See* Docket Entry No. 1-1. She seeks damages, injunctive relief, and declaratory relief, based on claims brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.*, as well as claims for "lack of standing to foreclose" and intentional infliction of emotional distress. *Id.* at 3-8.

Although it is apparent that Plaintiff's lawsuit is based upon her dissatisfaction with an anticipated or completed foreclosure on property, which the Court presumes to be her current or former residence, the Complaint is essentially devoid of specific factual allegations. Indeed, there are no facts alleged in the Complaint regarding the property at issue, the foreclosure, the pertinent time frame or dates involved, or the specific conduct each Defendant is alleged to have taken with respect to Plaintiff or the property at issue. The closest thing to factual allegations contained in the Complaint are Plaintiff's allegations that "Plaintiff has executed another mortgage with another mortgage company, Mortgage Enterprise Investments (MEI) and is the only valid mortgage on said

2

property with the perfected security interest" and that "Plaintiff and MEI have a perfected UCC lien and mortgage on the property establishing a superior lien on the property." *Id*. at 17.

On February 22, 2016, Defendants Ocwen, Homeward, and Deutsche Bank removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 based on federal question jurisdiction under 28 U.S.C. § 1331 in light of the alleged violations of federal statutes. *See* Docket Entry No. 1. Removal was not contested. The record in the action does not indicate that Defendants Ameriquest or Mangrum have been served with process.

In lieu of an answer, Defendants Ocwen, Homeward, and Deutsche Bank (hereinafter referred to collectively as "Defendants") filed the pending motion to dismiss. They contend that, because of the generalized nature of the Complaint and the lack of any specific factual allegations pertaining to the claims or Defendants, the Complaint fails to comply with the minimal pleading standards of Rule 8(a) of the Federal Rules of Civil Procedure. Defendants further argue that each of the five legal claims set out in the Complaint should be dismissed because Plaintiff fails to allege facts showing her entitlement to relief on these claims and because she supports the claims with only conclusory allegations or recitations of statutory and legal phrases. *See* Defendants' Memorandum in Support (Docket Entry No. 8-5). Defendants support their motion with copies of a promissory note (Docket Entry No. 8-1), a deed of trust (Docket Entry No. 8-2), and a substitute trustee's deed (Docket Entry No. 8-4).[1]

---

[1] In reviewing Defendant's motion, the Court has not excluded the documents submitted by Defendants. The documents are vaguely referred to in the Complaint and are central to her claims. *See Gardner v. Quicken Loans, Inc.*, 567 Fed.App'x 362, 364–65 (6th Cir. June 2, 2014); *Okolo v. Metropolitan Gov't of Nashville and Davidson County*, 892 F.Supp.2d 931, 946 n.5 (M.D. Tenn. 2012). However, as set out herein, Plaintiff's Complaint is sufficiently deficient to warrant dismissal regardless of consideration of the documents attached to Defendants' motion.

Plaintiff has filed a response (Docket Entry No. 13) and a Memorandum in Support (Docket Entry No. 14) arguing that Defendants do not deny her allegations and that they have acknowledged, 1) her challenge to the foreclosure of real property located at 3013 Chateau Valley Drive, Nashville, Tennessee, and, 2) that she asserts claims under federal law. She further contends that the United States Attorney General brought an action against "Defendant on behalf of citizens who were victimized by Defendant, including Plaintiff," *see* Docket Entry No. 13 at 2, that she has filed another case in this Court, and that "Defendant engaged in unfair, deceptive and abusive practices prohibited by 12 U.S.C. §§ 5531 and 553(a)." *Id*. Plaintiff contends that her Complaint sets forth viable claims for relief and that the motion to dismiss should be denied.[2]

## II. STANDARD OF REVIEW

Defendants' motion to dismiss is reviewed under the standard that the Court must accept all of the well pleaded allegations contained in the complaint as true, resolve all doubts in Plaintiff's favor, and construe the complaint liberally in favor of the *pro se* Plaintiff. *See Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). However, Plaintiff must provide the

---

[2] The Court notes that the other civil action referred to by Plaintiff is *Yvonne C. Jones v. Ocwen Financial Corporation, et al.*, 3:15-1272, in which Plaintiff challenges the same foreclosure but brings state and federal claims that are different than those raised in the instant action. Although Defendant Ocwen states in its Memorandum in Support that it intends to file a motion to consolidate the two actions, *see* Docket Entry No. 8-5 at 3, no such motion has been filed.

The Court also notes that Plaintiff previously filed a federal action against the same Defendants named in the instant action, as well as others, based upon a complaint that is essentially the same as the Complaint in the instant action. *See Yvonne C. Jones v. Ocwen Loan Servicing, LLC*, 3:14-2328. Upon Plaintiff's filing of an amended complaint in that case, however, the case was dismissed on July 21, 2015, for failure of Plaintiff to plead a basis for federal jurisdiction.

grounds for her entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

Plaintiff's factual allegations must be enough to show a plausible right to relief. *Twombly*, 550 U.S. at 555-61. The complaint must contain either direct or inferential factual allegations that are sufficient to sustain a recovery under some viable legal theory. *Id.*; *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988). To state a plausible claim for relief, the alleged facts must provide "more than a sheer possibility that a defendant has acted unlawfully." *Mik v. Federal Home Loan Mortg. Corp.*, 743 F.3d 149, 157 (6th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). The well pleaded factual allegations must "do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

### III. CONCLUSION

A. Motion to Dismiss

Given the pleading standards required by *Twombly* and *Iqbal*, the Court finds that Plaintiff's Complaint warrants dismissal for failure to satisfy basic pleading requirements. Despite the inclusion of legal jargon reference to statutory provisions in the Complaint, and despite the fact that

the Complaint sets out distinct legal claims, the Complaint simply fails to contain factual allegations showing that Plaintiff has viable claims upon which relief can be granted. It is apparent that this action involves Plaintiff's residential property, a mortgage, and a foreclosure on the property. However, Plaintiff, has chosen not to include in the Complaint any of the underlying facts of the events at issue despite being personally aware of these facts. Instead of providing the Court with a clear factual roadmap of what occurred, Plaintiff sets out in the Complaint only vague and general statements and conclusory assertions. Consequently, the Court is left to guess about the most basic and critical facts that illuminate her claims and show that she has plausible legal claims entitling them to relief.

Although Plaintiff's status as a *pro se* litigant does require the Court to view her Complaint with some measure of a liberal construction, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citing cases). The Court is simply not required to either supply or assume facts that are not pled in the Complaint or to create viable claims for Plaintiff based upon speculation. *See Bell v. Tennessee*, 2012 WL 996560, *9 (E.D. Tenn. March 22, 2012) (quoting *Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215 (6th Cir. 2000). *See also Brown v. Matauszak*, 415 Fed.App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.") (internal quotation marks omitted); *Payne v. Secretary of Treas.*, 73 Fed.App'x 836, 837 (6th Cir. 2003) ("[n]either this court nor the district court is required to create [the plaintiff's] claim for her").

To state a plausible claim for relief, the alleged facts must provide "more than a sheer possibility that a defendant has acted unlawfully." *Mik v. Federal Home Loan Mortg. Corp.*, 743 F.3d 149, 157 (6th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Although Plaintiff has set forth several legal causes of action, she has not alleged any actual facts that support these causes of action or support even a generously construed conclusion that any of the Defendants have violated the law. Indeed, although several separate entities are named in the Complaint, there are no factual allegations in the Complaint alleging any specific action attributable to any particular Defendant.

Furthermore, given the lack of any supporting factual allegations, the specific legal claims made by Plaintiff suffer from legal deficiencies that cannot be overlooked. Plaintiff has not alleged any facts showing that any Defendant is a "debt collector" under the FDCPA, *see Joyner v. MERS*, 451 Fed.App'x 505, 507 (6th Cir. Dec. 9, 2011) (a creditor is not a debt collector under the FDCPA), or any specific facts showing conduct that would violate the FCRA. Merely paraphrasing the language of the statutes is not sufficient to state a claim for relief. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); *Elsman v. Standard Fed. Bank*, 46 Fed.App'x. 792, 2002 WL 31007987, *6 (6th Cir. Sept. 5, 2002) (conclusory assertions that defendants' actions violated the TILA, the Consumer Credit Protection Act, the Fair Debt Collection Act, RICO, and state law failed to adequately plead actionable claims). Similarly, Plaintiff's RICO claim is not supported by factual allegations. Although Plaintiff has recited the statutory language of the RICO statute, she has not pled any actual facts supporting a RICO claim. Such conclusory allegations will not support a claim for relief. *See Leeds v. City of Muldraugh, Meade Cty., KY*, 174 Fed.App'x 251, 254 (6th Cir. 2006) (plaintiff failed to meet heightened pleading requirements for a RICO claim); *Walker v. Jackson Pub. Sch.*,

42 Fed.App'x. 735, 737-38 (6th Cir. 2002) (plaintiff's bare and conclusory allegations failed to meet pleading requirements for RICO claim). There are also no facts alleged that would support a plausible claim that any Defendant acted in an outrageous manner causing serious mental injury to Plaintiff, a showing required for a claim of intentional infliction of emotional distress. *Bain v. Wells*, 936 S.W.2d 618, 622 n. 3 (Tenn. 1997). *See also MacDermid v. Discover Fin. Serv.*, 488 F.3d 721, 729 (6th Cir. 2007).

Finally, Plaintiff's contention that Defendants have no legal rights to the property are not buttressed by any specific factual allegations, and Plaintiff has not alleged facts showing that she has a viable claim for wrongful foreclosure. *See Malone v. U.S. Bank Nat'l Ass'n*, 2013 WL 392487, at *3 (W.D .Tenn. Jan. 30, 2013) (motion to dismiss warranted where plaintiff failed to plead facts supporting claim that defendant had no right to demand foreclosure). The type of vague arguments made by Plaintiff, even if they were adequately supported by specific factual allegations, have routinely been rejected by the Courts. *See Hixson v. Wilson & Assocs., PLLC*, 2013 WL 6147826, *4 n.4 (E.D. Tenn. Nov. 22, 2013) (collecting cases); *Keyes v. Deutsche Bank Nat'l Trust Co.*, 2013 WL 440191, *11 (E.D. Mich. Feb. 5, 2013) ("[a]ttempts to base claims on the securitization of a mortgage and the alleged separation of the mortgage and note have not been well received by courts around the country"); *Gilliard v. Recontrust Co.*, 2012 WL 4442525 (E.D. Tenn. Sept. 25, 2012); *Gibson v. Mortgage Elec. Registration Sys., Inc.*, 2012 WL 1601313, **4-5 (W.D. Tenn. May 7, 2012); *Samples v. Bank of Am., N.A.*, 2012 WL 1309135, *3 (E.D. Tenn. April 16, 2012) (*pro se* plaintiff's complaint alleging mistaken and erroneous representation as to standing to foreclose, unfair business practices, quiet title, and injunctive relief was dismissed for failure to comply with

*Iqbal* and *Twombly* pleading standards because it contained only bare allegations of fact along with assertions of various legal and equitable theories of relief).

In the end, Plaintiff's allegations are the type of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" that are insufficient to support a claim and that will not defeat a motion to dismiss. *See Iqbal*, 556 U.S. at 678. Because the Complaint is woefully deficient in terms of supporting factual allegations, the Complaint warrants dismissal. *See Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 Fed.App'x. 487, 491, 2005 WL 3528921, *3 (6th Cir. Dec. 22, 2005) (lack of supporting factual allegations in complaint warranted dismissal of *pro se* plaintiff's claims); *Leinweber v. Bank of Am., N.A.*, 2012 WL 1620891, *5 (E.D. Tenn. April 18, 2012) (*pro se* plaintiffs' complaint was subject to dismissal for failure to state a claim under *Iqbal* and *Twombly* standards despite a "labyrinth of factual statements" because the statements did not support the legal conclusions asserted in the complaint); *Samples*, *supra*.

The arguments made by Plaintiff in her response to the motion to dismiss fail to either rebut Defendants' arguments for dismissal or cure the deficiencies in her Complaint. Contrary to Plaintiff's argument, Defendants, by removing this case to federal court, did not acknowledge that Plaintiff has valid legal claims but merely acknowledged that a federal question was raised by the Complaint.

B. Defendants Ameriquest and Mangrum

Although there is no indication from the record in this action that Defendants Ameriquest and Mangrum have been served with process, the deficiencies in Plaintiff's Complaint warrant the *sua sponte* dismissal of this action as to these two Defendants for the same reasons as dismissal is

9

warranted in favor of the moving Defendants. It would be a futile and an uneconomical use of judicial resources to conduct further proceedings with respect to the unserved and non-moving Defendants given the deficiencies in Plaintiff's Complaint.[3]

**RECOMMENDATION**

Based on the foregoing, the Court respectfully RECOMMENDS that:

1) the motion to dismiss (Docket Entry No. 8) filed by Defendants Ocwen Loan Servicing, LLC, Homeward Residential, Inc. (formerly known as American Home Mortgage Services, Inc.), and Deutsche Bank National Trust Company, as Trustee for Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities Inc., Asset-Backed Pass-Through Certificates, Series 2005-R4 be GRANTED;

2) the claims against Defendants Ameriquest Mortgage and Jason Mangrum be DISMISSED for the reasons stated herein; and

3) this action be DISMISSED in its entirety.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*,

---

[3] This Report and Recommendation and the fourteen day period for objections to be filed by Plaintiff satisfy the procedural requirements for a *sua sponte* grant of dismissal under Rule 12(b)(6). *See Morrison v. Tomano*, 755 F.2d 515, 516-17 (6th Cir. 1984). *See also Yashon v. Gregory*, 737 F.2d 547, 552 (6th Cir. 1984).

474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

      Respectfully submitted,

      _____
      BARBARA D. HOLMES
      United States Magistrate Judge