IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| YVONNE C. JONES | ) |
| | ) |
| v. | ) NO. 3-16-0361 |
| | ) JUDGE CAMPBELL |
| AMERIQUEST MORTGAGE, et al. | ) |

ORDER

Pending before the Court are a Report and Recommendation of the Magistrate Judge (Docket No. 15), Objections filed by the Plaintiff (Docket No. 17) and Defendant's Response to Plaintiff's Objections (Docket No. 20). The Magistrate Judge recommended that the Motion to Dismiss filed by Defendants Ocwen Loan Servicing, LLC; Homeward Residential, Inc. (formerly known as American Home Mortgage Services, Inc.), and Deutsche Bank National Trust Company (Docket No. 8) be granted and Plaintiff's action be dismissed as to all Defendants. Docket No. 15.

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(3) and Local Rule 72.03(b)(3), the Court has reviewed *de novo* the portions of the Report and Recommendation to which Objections are properly filed, the Objections, the Response and the file. The Objections of the Plaintiff are overruled, and the Report and Recommendation is adopted and approved.

Plaintiff argues that the allegations of her Complaint were sufficient to put Defendants on notice of her claims because Defendants already knew, before the filing of her action, the facts supporting her claim. Plaintiff is relying on an incomplete standard. Although putting Defendants on notice of the claim is relevant, Rule 8 requires that Plaintiff's Complaint must contain a short and plain statement of her claim showing that she is entitled to relief. Fed. R. Civ. P. 8(a)(2). Plaintiff has not stated facts to show that she is entitled to relief under any of her theories.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

As found by the Magistrate Judge, Plaintiff's Complaint (Docket No. 1-1) does not meet these standards. Accordingly, Plaintiff's claims against Defendants Ocwen Loan Servicing, LLC; Homeward Residential, Inc. (formerly known as American Home Mortgage Services, Inc.), and Deutsche Bank National Trust Company are dismissed.

With regard to Defendants Ameriquest Mortgage and Jason Mangrum, Plaintiff alleges that she has attached proofs of service of process as to these two Defendants. Docket No. 17. The Magistrate Judge recommended dismissal of these Defendants not only because they appeared not to have been served, however. The Report and Recommendation also found that the deficiencies in Plaintiff's Complaint warranted the *sua sponte* dismissal of Plaintiff's claims against these two Defendants as well, because it would be a futile and uneconomical use of judicial resources to conduct further proceedings with respect to these Defendants, given the deficiencies of the

allegations against them.[1] Accordingly, Plaintiff's claims against Defendants Ameriquest Mortgage and Jason Mangrum are dismissed as well.

For these reasons, the Report and Recommendation of the Magistrate Judge is adopted and approved. The Motion to Dismiss filed by Defendants Ocwen Loan Servicing, LLC; Homeward Residential, Inc. (formerly known as American Home Mortgage Services, Inc.), and Deutsche Bank National Trust Company (Docket No. 8) is GRANTED. Plaintiff's claims against all Defendants are DISMISSED.

The Clerk is directed to close the file. This Order shall constitute the final judgment in this case pursuant to Fed. R. Civ. P. 58.

IT IS SO ORDERED.

                                                                                             TODD J. CAMPBELL
                                                                                             UNITED STATES DISTRICT JUDGE

---

[1] As noted by the Magistrate Judge, the fourteen-day period for objections provides Plaintiff an opportunity to respond to the recommendation of a *sua sponte* dismissal. Docket No. 15, n. 3 (citing *Morrison v. Tomano*, 755 F.2d 515, 516-17 (6th Cir. 1984)).